# West Virginia Pulp & Paper Co., Appellant, *v.* Public Service Commission.

*Railroads — Rates — Finding of Public Service Commission—Rates.*

An order of the Public Service Commission refusing to restrain a railroad company from increasing a freight rate on a particular commodity will not be reversed by the Superior Court where it appears that the company assumed the burden of proof imposed by Sec. 4, Art. V, of the Public Service Commission Act, that the evidence produced was duly heard by the commission, and that the order made was within the power of the commission and not unreasonable.

Argued April 20, 1916. Appeal, No. 5, March T., 1916, by plaintiff, from order of Public Service Commission

(Public Service Commission Complainant Docket No. 300), in case of West Virginia Pulp & Paper Company of New York & Pennsylvania Company; The D. M. Bare Paper Company and The York Haven Paper Company, v. The Public Service Commission of the Commonwealth of Pennsylvania; the Pennsylvania Railroad Company; Huntingdon & Broad Top Mountain Railroad Company; Philadelphia, Baltimore & Washington Railroad Company and West Jersey & Seashore Railroad Company. Before ORLADY, P. J. HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Petition to restrain an increase of freight rate on pulp wood.

The opinion of the Superior Court states the case.

*Error assigned* was order dismissing the petition.

*Robert D. Jenks, O. H. Hewit* and *William A. Glasgow, Jr.,* for appellants.—The Superior Court on an appeal from the Public Service Commission has jurisdiction to review the evidence taken before the commission and to determine that its decision was unreasonable and not in conformity with law: Atchison, Topeka & Santa Fe R. R. Co. v. State, 148 Pac. 144; State v. Great Northern Ry. Co., 130 Minn. 57; Interstate Commerce Commission v. Union Pac. R. R. Co., 222 U. S. 541; Sabre v. Rutland R. R. Co., 86 Vt. 347.

The decision of the commission is not in conformity with law because it failed to give proper effect to the provisions of the act under which the burden of proving that the increased rates were just and reasonable rested upon the railroads: Sabre v. Rutland R. R. Co., 86 Vt. 347; Advance of Rates in Eastern Territory, 20 I. C. C. 243; Western Cases, 20 I. C. C. 307; Selma, Rome, Etc., R. R. Co. v. United States, 139 U. S. 560; Pickford v. Grand Junction R. R. Co., 10 M. & W. 422; Canada Southern Ry. Co. v. International Bridge Co., 8 App. Cas. 731.

*George Stuart Patterson* and *William I. Schaffer,* with them *Frederic L. Ballard, J. E. B. Cunningham* and *Charles H. Bergner,* for appellee.—The burden of proof imposed by the Public Service Company Law upon the intervenors to justify a rate advance subsequent to the effective date of that law is identical with that imposed by the Interstate Commerce Act upon carriers to justify a rate advanced subsequent to January 1, 1910, and the uniform construction of the provisions of the Interstate Commerce Act should (under familiar rules of construction) be applied to the identical provisions of the Public Service Company Law: Turbett Twp. v. Port Royal Borough, 33 Pa. Superior Ct. 520; Porter v. Hildebrand, 14 Pa. 129; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210; Mattern v. Canevin, 213 Pa. 588.

The question of the reasonableness of an increased rate is precisely the same as the question of the reasonableness of an existing rate and the burden of proof which is upon the carrier in the one instance is the same as the burden upon the complainant in the other instance: Eastern Advance Rate Case, 20 I. C. C. 243, 255; Western Advance Rate Case, 20 I. C. C. 307.

No particular kind or character of evidence is required to satisfy the burden of proof, whether upon complainant or carrier. All pertinent evidence is to be considered, and if the mind of the commission is convinced the burden is satisfied: Wisconsin Steel Co. v. P. & L. E. R. R. Co., 27 I. C. C. 152.

*Robert D. Jenks, O. H. Hewit* and *William A. Glasgow,* for appellants, in reply.—Since the printing of the paper book of appellants the court has handed down a decision which disposes of the question of its power to review the evidence taken before the commission. The court, in its case entitled Application of Relief Electric Light, Heat & Power Company, 42 April Term, 1916 (not yet officially reported but appearing in 3 Pa. Corpn. Rep. 442), concisely holds that the duty is imposed upon

the appellate court "to examine all matters presented to the commission."

OPINION BY HENDERSON, J., October 9, 1916:

The refusal of the Public Service Commission to restrain the Penna. R. R. Company and the other railroad companies named in the complaint from increasing freight rates on shipments of pulp wood to the mills of the complainants at different places in Pennsylvania is the subject of this appeal. The rates were alleged to be unjust, unreasonable and discriminating and the prayer was for an order requiring the companies named to desist from charging the advanced rates. Section 4 of Article V of the Public Service Company Act provides with reference to an inquiry in regard to an increase of rates as follows: "At any such hearing involving any proposed increase in any rate the burden of proof to show that such increased rate is just and reasonable shall be upon the Public Service Company." The obligation imposed by this provision of the statute was necessarily assumed by the railroad companies interested and the examination of the witnesses was conducted and the documentary evidence presented in accordance with this requirement. There is no statutory designation of the kind of evidence required to shift the burden of proof and it would be impracticable to specifically define the quantity necessary to produce that result. It must be sufficient, however, to satisfy a reasonable mind that the fact is as alleged. The record shows that a considerable volume of evidence was introduced at a regular hearing and that the case was disposed of by the commission after a consideration and review of that evidence. The sufficiency of the proof must be left in a large degree to the sound judgment of the commission and where that judgment has been exercised on competent and relevant evidence the conclusion ought not to be disturbed by judicial interference unless it is made clearly to appear that it is unreasonable or not in conformity with law.

At the hearing of an appeal the question for the court to determine is whether or not the order is reasonable and in conformity with law and in all such cases the orders of the commission are declared by the statute to be prima facie evidence of the reasonableness thereof and the burden of proving the contrary rests on the appellants. It was evidently not in legislative contemplation to substitute the appellate court for the commission in the disposal of administrative questions. These are matters of fact to be determined according to the evidence. The decision of the commission is not to be set aside therefore merely on the consideration that it was not wisely made. The law vests in that body the authority to exercise its judgment and it is that rather than the opinion of this court which is to control the subject if the order be within the power of the commission and is not unreasonable. The power is not denied in this case and the only question therefore is whether the decision of the commission is an unreasonable exercise of power. After a review of the evidence we are unable to find substantial grounds on which to rest the conclusion that the order entered is so manifestly unreasonable as to justify its reversal. The difficulty of ascertaining the cost of transportation of a single commodity even approximately is manifest. Such an inquiry would involve an investigation of the entire transportation business of the company and the reasonable profit to which its capital was entitled.

A system of classification with reference to kind, value, perishability, etc., forms a basis on which rates are commonly established and some of the evidence presented to the commission gives support to their conclusion that the rate for pulp wood had been for about fifteen years too low in comparison with that on other merchandise of a generally similar character. We do not deem it necessary to discuss the evidence at length. That would be advisable if the case were to be disposed of on an inquiry whether in our opinion the weight of the evidence presented to the commission favored the position taken by

the complainants, but we are not invested with authority
to retry the case from this point of view. It is sufficient
to say that we are not convinced by an examination of the
evidence that the order is unreasonable within the mean-
ing of the statute.

The appeal is therefore dismissed at the cost of the ap-
pellants.