# Pennsylvania Railroad Co., Appellant. *v.* Public Service Commission.

*Railroads — Making up of trains — Rear car — Public Service Commission—Act of June 19, 1911, Sec. 7, P. L. 1053.*

A railroad company violates Section 7 of the Act of June 19, 1911, P. L. 1053, which forbids the operation of a train consisting of United States mail or express cars "without the rear end of the rear car being equipped with exit free from obstruction, platform of thirty inches in width, guard rails and steps," if, in making up a

train it places, as the rear car, a United States mail car constructed in strict conformity with the specifications issued by the postmaster general, but not having the rear end equipped in the manner specified by the Pennsylvania statute.

The Act of 1911 exhibits no legislative intent to convert the Superior Court of Pennsylvania into a second legislative tribunal, or to place upon the shoulders of the judges of that court the duty of examining and weighing all the evidence and determining for themselves what is a reasonable manner of making up a train within the meaning of Section 7 of the act. This is a matter for the Public Service Commission.

The Act of June 19, 1911, P. L. 1053, is a valid exercise of the police power of the Commonwealth, and violates no provision of either the Constitution of Pennsylvania or the Constitution of the United States.

Argued May 4, 1917. Appeal, No. 13, March T., 1917, by plaintiff, from order of Public Service Commission of the Commonwealth of Pennsylvania, Complaint Docket No. 489, in case of Pennsylvania Railroad Co. v. The Public Service Commission of the Commonwealth of Pennsylvania. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Complaint for violating Section 7 of the Act of June 19, 1911, P. L. 1053.

The complaint claimed that Section 7 of the Act of June 19, 1911, P. L. 1053, was not complied with in that the railroad company ran over the Pittsburgh Division train No. 1019, consisting of two express cars and six United States mail cars, with mail car No. 8627 as the rear car on the train. This car was not equipped with a platform thirty inches in width nor with guard rails and steps such as are required by the Pennsylvania statute.

The answer of the Pennsylvania Railroad Company denied that the seventh section of the Full Crew Law was applicable and averred that the train was operated in accordance with the laws applicable thereto.

A hearing before the commission was duly held, and

it was established that train No. 1019 was engaged in carrying United States mail and express on an interstate trip from the State of New York into and through the State of Pennsylvania. .

United States mail car No. 8627 is an all steel full mail car admittedly built and furnished in accordance with Federal requirements, including the standard blunt end platform, sill loop steps, hand holds, marker brackets and heating fixtures.

*Error assigned* was the order of the Public Service Commission quoted in the opinion of the Superior Court.

*S. B. Lloyd* and *George Stuart Patterson,* with him *J. E. B. Cunningham* and *Charles H. Bergner,* for appellant, the Pennsylvania Railroad Company.—Congress having prescribed the kind of a car which should be furnished by the railroad and the appliances therefor, a state cannot prohibit the use of that car in any part of a train: Erie R. R. Co. v. People of N. Y., 233 U. S. 671; Southern Ry. Co. v. R. R. Commission of Indiana, 236 U. S. 439; Illinois Cent. R. R. Co. v. Illinois, 163 U. S. 142; Lawton v. Steel, 152 U. S. 133; Wisconsin, Etc., R. R. v. Jacobson, 179 U. S. 287; Lochner v. New York, 198 U. S. 45; C., M. & St. P. R. R. Co. v. Wisconsin, 238 U. S. 491.

*William N. Trinkle,* for appellees for Intervening Appellee, The Brotherhood of Railroad Trainmen and the Order of Railway Conductors.—The matter argued by appellant as to the constitutional validity and enforceability of the provisions of Section 7 of the Full Crew Act, if ever, in any case, a matter that can lawfully be litigated by resort to the Superior Court in the first instance, is certainly in this particular case, res adjudicata, by force of the judgment or decree of the Court of Common Pleas of Dauphin County, affirmed by the Supreme Court in Penna, R. R. Co. v. Ewing, 241 Pa. 581,

It is a "dead issue" as to appellant in this case, irrespective of the merits or demerits of appellant's argument thereon, appellant being estopped by the principle of the thing adjudged. It is submitted, that this court will not now declare, that the legislative power is nevertheless paralyzed and rendered absolutely impotent and incapable of enforcement, because Congress has passed the Safety Appliance Acts and the postmaster general under an act of congress has promulgated regulations having to do not with the operation of trains for public safety, but merely with type of mail cars.

*Berne H. Evans*, for The Public Service Commission of the Commonwealth of Pennsylvania.

OPINION BY ORLADY, P. J., July 13, 1917:

The complaint in this case alleges that the Pennsylvania Railroad Company ran a certain train from Altoona to Pittsburgh, consisting of eight (8) cars,—two (2) express and six (6) United States mail cars, with the mail car attached to the rear end of the train, and did not have the rear car equipped as required by Section 7, of the Act of June 19, 1911, P. L. 1053, which is as follows: "That it shall be unlawful for any railroad company, its officers or agents, officers of court, receiver, or any person or persons, doing business in this Commonwealth, to run or operate over its road, or part of its road, any train consisting of United States mail or express cars, without the rear end of the rear car being equipped with exit free from obstruction, platform of thirty inches in width, guard rails and steps; also heating appliance to maintain a temperature of sixty-five degrees."

While the argument in this case covered many interesting questions, our decision is limited to the exact and undisputed facts presented by the record. The order appealed from is as follows: "The Pennsylvania Railroad Company is hereby ordered to operate its train No.

1019, over its road within the State of Pennsylvania, with the rear end of the rear car thereof equipped with exit free from obstruction, with platform of thirty inches in width; and with guard rails and steps."

The description of the equipment required for the rear end of the rear car is intended to comply with that defined by the Act of June 19, 1911, above quoted, and is as definitely intended to prohibit the rear end equipment complained of, which is admitted to be that of the specified full steel United States mail cars that the railroad company was required to furnish under Federal regulations. These mail cars were constructed in strict conformity with the specifications issued by the postmaster general, and there is no challenge to the Federal authority to make such regulations and to insist on full performance of that requirement. That question is not in dispute.

We are not concerned with the wisdom, policy or expediency of this act of the legislature. Nor can we consider in this case, whether the provisions and requirements of the act are unreasonable and arbitrary, or within the power of the legislature of this Commonwealth to enact. That proposition was fully considered in Penna. R. R. Co. v. Ewing, 241 Pa. 581, and was therein, so far as this court is concerned, conclusively decided, by holding that the act in question was a valid exercise of the police power of the Commonwealth, and violates no provision of either the Constitution of Pennsylvania or the Constitution of the United States.

The right of congress, through the post office department, to define the kind of a car to be furnished by the railroad company for transmission of mails, is not challenged by the appellant, and there is nothing in the order made by the Public Service Commission defining the place in the train which the mail car is to take. That is a matter to be decided by the railroad company in the discharge of its carrier's duty. The thing provided by the statute is, that a mail car constructed in accordance

with the regulations of the post office department shall not be the last car in the train, unless it has the rear end equipment prescribed by our Act of June 19, 1911.   Considerable testimony was taken by the commission and a number of exhibits were presented, to show the construction of the rear end of the steel mail car, which satisfied the commission, that it was hazardous for the railroad employees to get on and off such a rear end platform, when answering emergent calls, or when ice and snow encumbered the platform, for the reason that the platform was but eight or ten inches in width and was without handrails, instead of being thirty inches in width and protected with handrails, as prescribed by our full crew Act of 1911.

We cannot say, that as a matter of fact the conclusion reached by the commission was not warranted by the testimony offered before it.   There is nothing in the order of the commission to indicate that the manner of construction of the mail cars should be in any manner changed, nor, that it is not feasible to literally comply with the order of the commission, by making up the train in such a manner that a car with the rear end equipment, as indicated by the Act of 1911, should be the rear car of the train.

We said in B. & O. R. R. Co. v. Public Service Commission, 66 Pa. Superior Ct. 403, "The functions of this court upon appeals from orders of the Public Service Commission, have been plainly stated in Borough of Mount Union v. Mount Union Water Co., 63 Pa. Superior Ct. 337, and in West Virginia Pulp Co. v. Public Service Commission, (not yet reported).   We have declared in these decisions that the statute exhibited no legislative intent to convert the Superior Court of Pennsylvania into a second administrative tribunal, or to place upon the shoulders of the judges of that court the duty of examining and weighing all the evidence and determining for themselves what would be a reasonable rate for the transportation of any commodity."

Like reasoning leads to the same result when applied to the facts presented on this appeal. The proper place in a train for a specially constructed car, and the character of the equipment of the rear end of the rear car, are solely matters of fact to be determined on the testimony of those familiar with the makeup and handling of trains.

. The title to the Act of June 19, 1911, P. L. 1053, to wit: "To promote the safety of travelers and employees upon railroads by compelling common carriers by railroad to properly man their trains," clearly suggests the subject of platform construction and equipment, for use of employees in the discharge of their duty. And Section 7, of the act as clearly defines the character of that construction.

We find no error in the order made by the commission, and it is now affirmed.