## Schuylkill Railway Co., Appellant, *v.* Public Service Commission and Lehigh Valley Railroad Co.

*Public Service Commission—Appeals—Review by Superior Court.*
Where the Public Service Commission had made an order, in the proper exercise of its sound discretion as an administrative body, the Superior Court will not disturb such order on appeal.

*Public Service Commission—Evidence before—Appeals.*
There is no statutory designation either of the kind or quality of the evidence required to induce a decision by the Public Service Commission. It must be sufficient however, to satisfy a reasonable mind that the fact is as alleged. The law vests in that body the authority to exercise its judgment, and it is that, rather than the opinion of the court which is to control the subject, if the order be within the power of the commission, and it is not unreasonable.

Argued Oct. 21, 1918. Appeal, No. 236, Oct. T., 1918, by plaintiff, from order of the Public Service Commission of the Commonwealth of Pennsylvania, Application Docket No. 1732, 1918, in the matter of the application of the Schuylkill Railway Co. Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

From the record it appeared that the Schuylkill Railway Co. filed an application, on January 7, 1918, praying for a certificate of public convenience authorizing the renewal of a crossing by the tracks of the Schuylkill Railway Co. over the tracks of the Lehigh Valley Railroad Co., and apportioning the cost of said renewal between the two companies. At the hearing before the commission there was offered in evidence a copy of an agreement between the Schuylkill Traction Co., the predecessor in title to the Schuylkill Railway Co., which it was contended provided for the maintenance of the crossing in question. The commission made the following order:

By the Commission:

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania upon petition of the Schuylkill Railway Company, dated the 5th day of January, 1918, and protest thereto entered by and on behalf of the Lehigh Valley Railroad Company, and having been duly heard and submitted by the parties and full investigation of the matters and things involved having been had, the commission finds and determines that the proposed construction is simply a renewal or replacement of an existing crossing originally constructed under the terms and conditions of an agreement entered into between the Lehigh Valley Railroad Company and the Schuylkill Traction Company (predecessor in title to the Schuylkill Railway Company) dated the 15th day of August, 1901, which agreement provided for future maintenance of the crossing, and the commission is therefore of the opinion and so finds and determines that the granting of the application is necessary and proper for the service, accommodation, convenience and safety of the public, and that an order be entered directing a certificate of public convenience to issue approving the replacement of renewal of the existing crossing, the cost and expense thereof to be borne and paid by the Schuylkill Railway Company.

Now, to wit, June 18, 1918, it is ordered that a certificate of public convenience be issued evidencing the commission's approval of the proposed construction as above determined.

The Public Service Commission of the
Commonwealth of Pennsylvania.

Attest: A. B. Miller,                    W. D. B. Ainey,
        Secretary.                    Chairman.

*Error assigned* was order of the commission.

*Arthur L. Shay*, and with him *Frederick M. Leonard* and *C. A. Snyder*, for appellant.

*E. H. Burgess,* and with him *R. W. Barrett,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The appellee's principal grievance on this appeal is that the decree of the Public Service Commission is based upon incompetent evidence adduced before it, and upon the invalidity of an alleged agreement between the traction company and the railroad company which had been in force for some years prior to this controversy. The contention is not well taken. We have held a number of times that the functions of this court upon appeals from orders of the Public Service Commission, as stated in Mount Union v. Mount Union Water Co., 63 Pa. Superior Ct. 337, and West Virginia Pulp Company v. Public Service Commission, 65 Pa. Superior Ct. 5, and other cases exhibited. no legislative intent to convert the Superior Court of Pennsylvania into a second administrative tribunal, or to place upon the shoulders of the judges of that court the duty of examining and weighing all the evidence and determining for themselves what would be a reasonable conclusion: Pennsylvania Railroad Co. v. Public Service Commission, 67 Pa. Superior Ct. 575. There is no statutory designation either of the kind or quality of the evidence required to induce a decision by the Public Service Commission, and it would be impractical to specifically define the quantity necessary to produce that result. It must be sufficient, however, to satisfy a reasonable mind that the fact is as alleged. The law vests in that body the authority to exercise its judgment, and it is that, rather than the opinion of this court which is to control the subject, if the order be within the power of the commission, and it is not unreasonable.

The whole question was presented to and duly considered by the commission, and the effect given to the copy of the alleged agreement with the proof necessary to establish its validity, were matters for the commission. The placing of the costs upon the Schuylkill Ry. Com-

pany was purely an administrative conclusion, and we do not find in this record anything to justify our disturbing the order as made.

The appeal is dismissed, and the order of the Public Service Commission is affirmed.