# Smith, Appellant, *v.* Public Service Commission.

*Public Service Company Law — Common carriers — Operating automobile as common carrier—Complaint—Mistaken name—Insufficient service.*

An order of the Public Service Commission, addressed to an owner of an automobile, holding him to be a common carrier and commanding him to cease from operation until he shall have obtained a certificate of public convenience in accordance with the provisions of the Public Service Company Law will be reversed, where the record shows that the party against whom the order was made had not been complained against nor served with a copy of the pleadings nor had an opportunity to answer before the commission, and there was no evidence that the respondent before the commission had ever operated an automobile in violation of the Public Service Company Law.

Argued April 24, 1919.   Appeal, No. 122, April T., 1919, by respondent, from order of the Public Service Commission of the Commonwealth of Pennsylvania in the case of O. C. Smith v. The Public Service Commission on appeal.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Complaint before the Public Service Commission that A. C. Smith was operating an autobus as a common carrier without a certificate of public convenience in violation of the Public Service Company Law.

From the record it appeared that a complaint was duly served upon A. C. Smith, who filed an answer denying that he was, or had been, operating an automobile as a common carrier.

At the hearing before the Public Service Commission, and after the testimony of complainant and respondent had been closed, an amendment was allowed permitting the complaint to be amended by substituting O. C. Smith as the party respondent for A. C. Smith.

210     SMITH, Appellant, *v.* PUB. SER. COM.

The Public Service Commission subsequently issued an order requiring O. C. Smith to cease and desist from carrying on or engaging in the public service set forth in the complaint, namely, operating a motor vehicle as a common carrier until he should obtain from the commission a certificate of public convenience. Respondent appealed.

*Error assigned* was the order of the commission.

*George Patterson,* for appellant.

*John Fox Weiss,* Assistant Counsel, and with him *Berne H. Evans,* Counsel, for the Public Service Commission.

OPINION BY PORTER, J., October 13, 1919:

The Ronco Taxi Company filed a complaint with the Public Service Commission, averring that the complainant operates autobusses as a common carrier under a certificate of public convenience duly granted by the commission; that A. C. Smith was operating autobusses as a common carrier at Masontown, Fayette County, and in the vicinity thereof, in violation of Section 2, Article III, of the Public Service Company Law, without having obtained a certificate of public convenience, and praying that the commission issue an order restraining the respondent from so operating as a common carrier. This complaint was duly served upon A. C. Smith who filed an answer denying that he was or had been operating as a common carrier. A hearing was had upon this complaint and after the testimony for the complainant and the respondent had been closed, the commissioner who held the hearing permitted the complaint to be amended by substituting O. C. Smith, as the party respondent, for A. C. Smith. The Public Service Commission subsequently issued an order requiring O. C. Smith to "cease and desist from carrying on or engaging in the public

service set forth in the complaint, to wit, operating as a common carrier a motor vehicle, until he shall have obtained from the commission a certificate of public convenience." O. C. Smith appeals from that determination.

The complaint in this proceeding was against A. C. Smith, who was duly served and filed an answer. The testimony produced at the hearing, in so far as it indicated that any person was carrying on the business of a common carrier, related to what A. C. Smith had done. We are not here called upon to determine whether there was any evidence to warrant a finding that A. C. Smith was carrying on the business of a common carrier, for A. C. Smith is not a party to this appeal. It was developed by the testimony that the motor car which A. C. Smith operated was the property of his father, O. C. Smith, and after the testimony was closed the complainant moved to amend the complaint by substituting O. C. Smith as the respondent, which amendment the commissioner allowed as above indicated. This amendment was not a correction of a mistake in the name of a party who had been served and answered the complaint, the amendment substituted as the respondent an entirely different person, who had not been complained against, nor served, nor had an opportunity to answer. It may well be doubted whether an order made against a party, who has had no notice or opportunity to be heard, ought to be sustained, but we do not deem it necessary to decide that question in the present case. Let it be assumed that the amendment was properly allowed. The Public Service Commission has found that O. C. Smith was a common carrier, which finding must be assumed as prima facie correct and true. We can only reverse it in case the appellant here has met the burden imposed upon him by the statute and satisfied us that the order is unreasonable and not in conformity with law. The court will not examine the facts further than to determine whether there was competent substantial evidence to sustain the order. We have carefully considered the evidence in the present case and find

nothing in it which would warrant a finding that this appellant had himself, or through any authorized agent, acted as or held himself out to be a common carrier. The appellant was a carpenter and worked at his trade. He owned a Ford car, which his son was in the habit of using and the son at times carried passengers in the car for hire, but there was no evidence that the appellant had any interest in or knowledge of what the son was doing. The finding of the commission was without evidence to support it and for that reason must be reversed: Mt. Union Boro. v. Mt. Union Water Co., 63 Pa. Superior Ct. 343; Ben Avon Boro. v. Ohio Valley Water Co., 260 Pa. 297.

The order of the Public Service Commission is reversed, the costs to be paid by the complainant.